UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SARA JELDE, | Case No. 13-CV-3610 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SHARON V. DOOLEY, Field Office Director, St. Paul Field Office, United States Citizenship and Immigration Service; JANET NAPOLITANO, Secretary, Department of Homeland Security; and MOLLA JELDE EDATI, | |
| Defendants. | |

P. Chinedu Nwaneri, NWANERI LAW FIRM, PLLC, for plaintiff.

Plaintiff Sara Jelde has applied to become a naturalized citizen of the United States. Her naturalization proceeding is pending, and, as part of that proceeding, United States Citizenship and Immigration Services ("USCIS") has requested that Jelde and defendant Molla Jelde Edati undergo a joint blood or DNA test in order to determine whether Edati is Jelde's biological father (as Jelde claimed in her naturalization application). Jelde brings this case seeking an order declaring USCIS's request for evidence null and void or, alternatively, requiring Edati to undergo the requested test. Jelde has also filed an ex parte motion for a temporary restraining order ("TRO") enjoining USCIS from making any determination on Jelde's naturalization application until the Court determines whether to grant Jelde the relief that she seeks. ECF No. 10.

As an initial matter, Jelde should not have filed her TRO motion ex parte. There is absolutely no emergency in this case, which is why the Court declined Jelde's request to provide expedited treatment to her motion for a preliminary injunction. The deadline for Jelde and Edati

to comply with the request of USCIS has already expired — indeed, it expired three weeks ago, long before Jelde moved for a TRO. *See* Am. Compl. ¶ 22 [ECF No. 4]. USCIS has not yet made a decision on Jelde's application, and there is no indication that such a decision is imminent. Moreover, there would be no emergency even if USCIS were to make a decision on Jelde's naturalization application. If USCIS were to grant Jelde's application, the remedies sought by Jelde would become moot. If USCIS were to deny Jelde's application, Jelde could seek administrative review and then judicial review of that decision. *See* 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(d). In particular, if USCIS were to deny Jelde's application because she failed to submit the requested evidence — and if, as Jelde argues, such a decision would be unlawful — then Jelde could ask that USCIS's decision be reversed.

In short, Jelde had no reason to demand that this Court drop everything to decide her case. It may be months before USCIS makes even an *initial* decision on her application to become a naturalized citizen — and, if USCIS denies her application, Jelde will have every opportunity to argue that the USCIS's decision was unlawful. There is no threat of immediate and irreparable injury to Jelde.

Because Jelde is not facing any immediate threat, the Court will not consider her motion on an ex parte basis. *See* Fed. R. Civ. P. 65(b)(1) (permitting courts to issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ."). Accordingly, Jelde must serve defendants with her motion and supporting papers. Jelde must also file with the Court the appropriate affidavits of service attesting that those documents have been served on

defendants. Only after receiving those affidavits will the Court consider setting a briefing schedule on Jelde's motion.

In addition, the Court orders Jelde to show cause why this case should not be dismissed for lack of jurisdiction. The statute authorizing judicial review of naturalization decisions only allows a person "whose application for naturalization . . . is denied" to seek judicial review. 8 U.S.C. § 1421(c). The statute thus implies that an applicant for naturalization may not seek review of any decision of USCIS unless and until the agency denies her application. Jelde's application is still in process — USCIS has not yet made a decision — and thus it appears that the Court lacks jurisdiction over this case. Perhaps for that reason, Jelde has not cited (and the Court has not found) any case in which any court has granted the relief sought by Jelde — i.e., a declaration that a request for evidence made by USCIS in the course of an ongoing administrative naturalization proceeding is null and void.

Likewise, it appears that the Court lacks Article III jurisdiction over this case, as the claims raised by Jelde do not appear to be ripe for adjudication. "Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quotation omitted). "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Jelde seeks a judicial ruling on an interim evidentiary order issued in the course of an ongoing administrative proceeding. Almost certainly, such an order is not ripe for judicial resolution. *Cf. Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1234-36

(10th Cir. 2013) (declining appellate review of ongoing administrative decisionmaking process). Jelde's claims are quite clearly founded on a "contingent future event[]" — the denial of her naturalization application because she did not comply with USCIS's request for evidence. But that contingency may never come to pass. USCIS might drop its request that Jelde provide evidence that Edati is her father; or USCIS might agree to accept alternative evidence that substantiates Jelde's contention that Edati is her father; or USCIS might grant Jelde's application despite her failure to provide the requested evidence; or USCIS might deny Jelde's application for reasons that have nothing to do with Jelde's failure to provide the requested evidence. Any one of these scenarios would render this lawsuit moot.

Accordingly, Jelde is ordered to show cause by Friday, January 24, 2014 why this case should not be dismissed for lack of jurisdiction. Failure to file a memorandum by that date will result in dismissal of this case without prejudice for lack of jurisdiction.

SO ORDERED.

Dated: January 17, 2014                     s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge